## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

Rafael José Díaz Rodríguez,
   Plaintiff,

      v.

Arcelio Torres Mártir, et al.,
   Defendants.

Civil No. 04-1063 (HL)

## OPINION AND ORDER

Plaintiff Rafael José Díaz Rodríguez brings this action against Dr. Arcelio Torres

Mártir and Editorial Chic, Inc. (publisher of *Vea Magazine*) alleging libel; unjust

enrichment; violations of his right to self-image, name and privacy; and damages under

Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.  Pending before the

Court is defendants' motion for summary judgment.[1]  Plaintiff filed an opposition to said

motion,[2] co-defendant Editorial Chic, Inc. filed a response[3] to plaintiff's opposition, and

---

[1] *See* docket nos. 37-39. Co-defendant Editorial Chic Inc. filed a motion for summary judgment which is joined by co-defendant Dr. Arcelio Torres Martir. *See* docket nos. 49, 52. Co-defendant Dr. Torres did not submit an independent motion for summary judgment. However, Dr. Torres submitted a "Proposed Statement of Uncontested Facts In support of Its Motion for Summary Judgment." (*See* docket no. 48.)  However, this document does not provide record citations.  Thus, the Court will not consider co-defendant Dr. Torres' statement of facts because it does not comply with Local Rule 56(c). *See Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005); D.P.R. L.Civ.R 56(c).

[2] *See* docket no. 46.

[3] *See* docket no. 53.

plaintiff filed a reply.[4]   Defendants  move for summary judgment on the grounds that plaintiff has failed to establish actual malice, damages, or unjust enrichment.

For the reasons set forth below, defendants' motion for summary judgment is **DENIED**.

**STANDARD OF REVIEW**

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.P. 56(c).  A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v, Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).  In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*; *see also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

To aid the Court in the task of identifying genuine issues of material fact in the

---

[4] *See* docket no. 55.

record, the District for Puerto Rico has adopted Local Rule 56 (formerly Local Rule 311.12). D.P.R. L.Civ.R 56(b)-(c).  Local Rule 56(b) requires that a party moving for summary judgment submit, in support of the motion, "a separate, short, and concise statement of material facts as to which the moving party contends there is  no genuine issue to be tried and the basis of such contention as to each  material fact, properly supported by specific reference to the record." *Id.; see also Leary,* 58 F.3d at 751.  Further, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation . . ." D.P.R. L.Civ.R 56(c).  "Where the party opposing summary judgment fails to comply, the rule permits  the district court to treat the moving party's statement of facts as uncontested." *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005). The Court will only consider the facts alleged in the parties' Local Rule 56 statements when entertaining the movant's arguments. *Rivera v. Telefonica de Puerto Rico*, 913 F.Supp. 81, 85 (D.P.R. 1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always  bears the initial  responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600  n. 22, 118 S.Ct. 1584, 1598  n. 22 (1998)

3

(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986)). Once

this threshold is met, the burden shifts to the nonmoving party.  The nonmovant may not rest

on mere conclusory allegations or wholesale denials. Fed. R. Civ. P. 56(e); *Libertad v.

Welch*, 53 F.3d 428, 435 (1st Cir. 1995).  Instead, the nonmoving party must "set forth

specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Furthermore, the nonmovant "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

## FACTUAL BACKGROUND

Plaintiff  Rafael José Díaz Rodríguez ("Rafael José")  is a well-known  media

personality that hosts and appears on television programs broadcasted on the Univision

Television Network.  Co-defendant Editorial Chic, Inc. is a Puerto Rico-based corporation

which publishes *Vea Magazine*, a weekly fashion and entertainment  publication of general

circulation throughout Puerto Rico.  Co-defendant Arcelio Torres Mártir ("Dr. Torres"), is

a doctor who operates the Instituto de Lipoescultura y Estética de Puerto Rico, located in

Manatí, Puerto Rico.  At some point prior to February 23, 2003, a *Vea Magazine*

representative, Diana Méndez,  contacted  Dr. Torres to offer advertising services.  As a

sales incentive, *Vea Magazine* offered to publish an "advertorial"[5] about Dr. Torres and his

---

[5] An advertorial is a newspaper or magazine advertisement that is formatted in the same
style as a news article.  *See Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,* 32 F.3d 690, 693

clinic if Dr. Torres purchased four advertisements in the magazine.  Dr. Torres accepted this offer.

Thereafter, Robert Colberg, a *Vea Magazine* fashion and beauty editor, conducted a telephone interview with Dr. Torres for the advertorial article.  On or around February 23, 2003, *Vea Magaine* published Dr. Torres' advertorial. The advertorial describes different cosmetic treatments offered by Dr. Torres.  The advertorial also lists the names and contains photographs of some of the clinic's celebrity clients.  Plaintiff Rafael José is named as one of the clinic's clients and a photograph of him is included with the article.  The page opposite the advertorial features a full page advertisement for Dr. Torres' clinic.

It is undisputed that Rafael José has never been a client of Dr. Torres  or the Instituto de Lipoescultura y Estética de Puerto Rico.  *Vea Magazine* editor Robert Colberg claims that during the telephone interview he asked Dr. Torres for the names of some of his show business patients.  Mr. Colberg claims that Dr. Torres told him that Rafael José was one of the clinic's patients.  Dr. Torres denies ever mentioning Rafael José's name during the interview.  Mr. Colberg did not attempt to corroborate whether Rafael José had ever been a client of Dr. Torres or the clinic.  Dr. Torres was never given a copy of the advertorial before publication.  Dr. Torres claims that after the article was published, he contacted *Vea Magazine* representative Diana Méndez and informed her that Rafael José was not his patient and inquired why the magazine had  placed Rafael José's name and photograph in

(2nd Cir. 1994).

the article.  Dr. Torres claims that Ms. Méndez simply told him not to worry about that type of mistake.

On January 30, 2004,  Rafael José filed the present action against Dr. Torres and the publisher of *Vea Magazine*, Editorial Chic, Inc.  An amended complaint was filed on July 16, 2004.  In the amended complaint, Rafael José asserts claims for libel; unjust enrichment; violations of his right to self-image, name and privacy; and damages under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.  Defendants  move for summary judgment on the grounds that Rafael José has failed to establish actual malice, damages, or unjust enrichment.

## DISCUSSION

Puerto Rico law creates a cause of action for  libel in three separate sources: the Constitution of the Commonwealth of Puerto Rico, the Libel and Slander Act of 1902, and Article 1802 of the Civil Code.  *See Aponte v. Calderon*, 284 F.3d 184, 197 (1st Cir. 2002); P.R. Const. Art. II. § 8; 32 L.P.R.A. §§ 3141-49; 31 L.P.R.A. § 5141.  Libel is defined as "the malicious defamation of a person made public by writing, printing, sign, picture, representation, effigy, or other mechanical mode of publication tending to subject him to public hatred or contempt, or to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt or dishonor upon him."  32 L.P.R.A. § 3142.

To prevail on a defamation action under Puerto Rico law, a plaintiff must prove: (1)

that the statement was false; (2) in the case of a private figure, that the publication was negligently made; (3) in the case of a public figure, that defendant acted with actual malice; and (4) that he or she suffered real damages.  *See Ayala-Gerena v. Bristol Myers-Squibb Co.,* 95 F.3d 86, 98 (1st Cir. 1996); *San Juan Star v. Casiano Communications, Inc.*, 85 F.Supp.2d 89, (D.P.R. 2000).   Actual malice is defined as publication with the knowledge that the information was false or with reckless disregard for the truthfulness of the information. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710 (1964).

In the present case, it is undisputed that Rafael José has never been a patient of co-defendant Dr. Torres or the Instituto de Lipoescultura y Estética de Puerto Rico.  Thus, plaintiff  has established that the statement at issue was false.  Defendants move for summary judgment on the ground  that Rafael José has failed to show actual malice.   In *New York Times Co. v. Sullivan*,  the United States Supreme Court held that public officials must prove actual malice in order to prevail in a defamation action.  *See Sullivan*, 376 U.S. 254, 84 S.Ct. 710 (1964). This principle has been extended to public figures. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997 (1974).

A public figure is a person that has "assumed roles of especial prominence in the affairs of society" or "thrust themselves into the forefront of particular public controversies in order to influence the resolution of the issues involved." *Gertz*, 418 U.S. at 345, 94 S.Ct. 2997.  An individual who achieves "pervasive fame or notoriety" is deemed a public figure for all purposes. *Id*. at 351, 94 S.Ct. 2997.  Plaintiff Rafael José is an international media

7

personality known throughout Puerto Rico and numerous Spanish-speaking countries.  The

parties do not dispute, and the Court agrees, that Rafael José is a public figure.

Accordingly, to prevail on a cause of action of libel, Rafael José  must show actual

malice on the part of defendants.[6]  Co-defendant Editorial Chic, Inc. claims that Dr. Torres

told *Vea Magazine* editor Robert Colberg that Rafael José was his patient.  However, Dr.

Torres denies that he ever said that Rafael José was his patient.  Further, *Vea Magazine* did

not take any steps to corroborate whether Rafael José had ever been treated by Dr. Torres,

and Dr. Torres did not review his advertorial before it was published.  As such, it is clear

that genuine issues of fact remain as to whether co-defendant Editorial Chic, Inc. (publisher

of *Vea Magazine*) or Dr. Torres published the statement that Rafael José was a patient of

Dr. Torres with knowledge that it was false or with reckless disregard for the truthfulness

of the statement.

Defendants also argue that plaintiff has failed to show that he sustained any damages

as the result of the publication.  Plaintiff Rafael José contends that his public image and thus

his continued marketability, have been damaged by the *Vea Magazine* article.  He asserts

that in the entertainment business a youthful image is essential for a successful career.  He

further argues that the due to the *Vea Magazine* article, people associate him with

---

[6] Plaintiff argues that he does not need to prove actual malice because the article was
commercial speech and thus is subject to diminished constitutional protection. The Court
declines to reach this issue because, as discussed below, defendants' motion for summary
judgment fails irrespective of whether plaintiff is required to show actual malice as part of a
prima facie case of libel.

rejuvenation treatments and consequently perceive him as being too old or having an image that is "too-old" for certain jobs in the entertainment profession.   Rafael José also alludes to a causal connection between the article and the cancellation of a show that he was working on at the time the article was published.  The Court notes  that plaintiff's showing of actual damages appears to be weak.  However, as factual issues remain in this case, we find that it would be premature to dismiss plaintiff's claim at the summary judgment stage solely on the basis that plaintiff has failed to put forth conclusive evidence of actual damages.

Defendants' final argument is a blanket assertion that plaintiff has failed to establish any evidence of unjust enrichment.  Plaintiff Rafael José contends that both Dr. Torres and Editorial Chic, Inc. have benefitted financially from the publication of his photograph and the statement that he is a client of Dr. Torres.  Rafael José argues that famous individuals customarily lend their image and persona for a fee in order to promote or endorse products and services.  Here, he submits that the improper use of his image and name during the height of his career augmented the value of *Vea Magazine* and provided Dr. Torres' clinic with beneficial advertising.  Further, Rafael José submits that he is entitled to disgorgement of any unjust enrichment obtained as a result of the use of his widely-known name and image.  The Court concludes that triable issues of fact remain as to whether defendants were unjustly enriched by publication of plaintiff's photo and the statement that plaintiff was a client of Dr. Torres.

**CONCLUSION**

In view of the aforementioned, the Court hereby **DENIES** defendants' motion for

summary judgment.


**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 10, 2005.

S/ HECTOR M. LAFFITTE<br>
United States District Judge